RECEIVED
FEB 2 8 2000
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
FEB 2 8 2000
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCE C. ROBERTS AS ADMINISTRATRIX ON BEHALF OF THE ESTATE OF UNDRAY CARTER, AND LATASHA MILLS ON BEHALF OF HER MINOR CHILD, LA'QUARSHAY MILLS | NUMBER: CV00-0371 S<br>SECTION: JUDGE WALTER |
| PLAINTIFFS | MAGISTRATE JUDGE PAYNE |
| VERSUS | CIVIL RIGHTS UNDER<br>42 USC 1983 AND 1988 |
| SHREVEPORT POLICE DEPARTMENT THROUGH THE CITY OF SHREVEPORT, OFFICER ROBERT RIVET, CHIEF STEVE PRACTOR, EMERGENCY MEDICAL SERVICES OF SHREVEPORT, AND UNKNOWN EMS DRIVER/OPERATORS, JOHN DOE AND RICHARD ROE | JUDGE:<br><br>MAGISTRATE: |
| DEFENDANTS | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

### I. JURISDICTION

1.   This action is brought pursuant to 42 U.S.C. 1983 and 1988 and pursuant to the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiffs further invokes the pendant jurisdiction of this Court to consider claims arising under state law.

### II. PARTY PLAINTIFFS

2 a).   Petitioner, **Joyce C. Roberts,** Administratrix on behalf of the **Estate of Undray Carter,** is a person of the full age of majority and a resident of the Parish of Caddo, City of Shreveport, State of Louisiana.

b). Petitioner, **LaTasha Mills,** on behalf of her minor child, **La'Quarshay Mills,** is a person of the age of majority and a resident in the Parish of Caddo, City of Shreveport, State of Louisiana; bringing this action on behalf of the minor daughter of Undray Carter (hereinafter, decedent).

### III. PARTY DEFENDANTS

3. Defendant, **City of Shreveport**, is a municipality and political subdivision of the State of Louisiana and at all pertinent times herein had authority over the **City of Shreveport Police Department and Emergency Medical Services of Shreveport,** its policies, procedures, customs and practices. The City of Shreveport was also the employer of defendants, **Robert Rivet, Chief Steve Practor, and Unknown EMS driver/operators, John Doe and Richard Roe,** during all relevant times, herein. The City of Shreveport is liable directly and vicariously for the actions complained of herein.

4. Defendant, **Robert Rivet,** (hereinafter, Rivet) is a person of the full age of majority, a resident of the Western District of Louisiana, employed by the City of Shreveport as a police officer and at all pertinent times, herein, was acting under the color of law and in the course and scope of his employment.

5. Defendant, **Chief Steve Practor,** is a person of the full age of majority and is a resident of the Western District of Louisiana. He is the Superintendent of Police of the City of Shreveport Police Department. At all relevant times herein he was a final policy maker for the City of Shreveport with authority over policies, procedures, customs, practices and operations of the Shreveport Police Department. He was responsible for the hiring, training, supervision and discipline of the defendant police officers. At all relevant times herein he was acting under color of law and in the course and scope of his employment.

6. Defendants, **John Doe and Richard Roe,** are persons of the full age of majority, residents in the Western District of Louisiana, and at all times pertinent, herein, were the operators of the Emergency Medical Services of Shreveport, in connection with their employment with the City of Shreveport.

### IV. STATEMENT OF FACTS

7. On March 14, 1999 at approximately 10:30 a.m., Undray Carter (Decedent), a twenty six (26) year old life long resident of the City of Shreveport, drove his vehicle in a northerly direction on Hearne Avenue, Shreveport, Louisiana, when a vehicle suddenly stopped in front of his vehicle in the 6300 block, thereof, causing him to take evasive actions to avoid hitting the vehicle, by moving into the next lane.

8. The incident, in question, occurred near a crosswalk, prior thereto, where defendant, Officer Rivet was located.

9. Decedent was traveling approximately ten (10) to fifteen (15) miles per hour in a speed zone which allowed vehicle travel up to twenty (25) miles per hour.

10. As decedent's vehicle moved from its original lane of travel, to avoid hitting the vehicle stopped at the crosswalk in front of him, and then attempted to move back, to avoid oncoming traffic in the opposite lane of travel, Officer Rivet yelled for decedent to stop his car, and then suddenly, without warning, Rivet jumped onto the front hood of Carter's vehicle with his gun drawn.

11. After jumping onto the hood of Carter's vehicle, Rivet struck the windshield of Carter's vehicle with the butt of his gun, frightening Carter, during this traffic incident.

12. As Carter failed to immediately stop his vehicle, Officer Rivet then fell off of Carter's vehicle onto the ground, jumped back to his feet, and stood by the driver's window and shot Carter, directly.

13.    After being shot, Carter lost control of the vehicle which traveled approximately one (1) block, with a female passenger, at which time she was able to climb over Carter and place her foot on the brakes.

14.    At no time, during this traffic incident, did Carter have or appear to have possession of a firearm.

15.    Officer Rivet's use of a firearm, during this traffic incident, was extreme and excessive, in violation of reasonable standards, policies and training, including failure to exercise reasonable precautions to protect the safety of himself and others, deliberately exposing himself and creating a dangerous situation by jumping onto Carter's vehicle, and subsequently firing into Carter's vehicle, striking and killing him.

16.    After shooting Carter, Rivet jumped into his own vehicle and followed Carter's vehicle one (1) block down, where he ordered the passenger out of the car, with his gun drawn.

17.    Defendant, Chief Steve Practor, failed to establish and/or enforce reasonable policies related to police use of deadly force involving moving vehicles, or to properly supervise and train officers in practices and proper parties in traffic stops and apprehensions of more particularly, the actions of defendant, Rivet.

18.    The use of deadly force against Mr. Carter was unreasonable, excessive and unjustified.

19.    Defendant, Emergency Medical Services of Shreveport arrived on the scene, shortly thereafter, but failed to provide medical and/or services to Undray Carter, until approximately twenty (20) minutes later.

20.    Upon arriving to the location, in question, the EMS staff, John Doe and Richard Roe, provided assistance to Officer Rivet first, although Rivet was not severely injured, nor was he

bleeding, while Carter laid bleeding to death in his vehicle.

21. Undray Carter was eventually brought to the hospital by EMS, but was pronounced dead upon arrival.

22. The Emergency Medical Services of Shreveport, at all pertinent times herein, failed to exercise reasonable standards of care or service, violating reasonable standards, policies and training, by their failure to provide immediate services to Undray Carter, a gunshot victim.

23. The failure to provide medical aid to Undray Carter for approximately twenty (20) minutes, and failure to aid him first, was unreasonable, reckless and unjustified.

### V. FIRST CAUSE OF ACTION

24. Plaintiff repeats and reallege each and every allegation of the complaint.

25. The defendants, acting individually and together, and under the color of law, engaged in a course of conduct which acted to deprive the plaintiff of his constitutional rights and did deprive him of said rights, specifically, his right to be free from unjust and unreasonable seizure and excessive use of force, as protected by the 4th Amendment to the United States Constitution and 42 U.S.C. 1983.

26. At all times pertinent herein the defendants acted unreasonably, recklessly and with deliberate indifference and disregard for the constitutional and civil rights and life and safety of the petitioner, Undray Carter.

27. The defendants knew or should have known of the likelihood of such actions as complained of herein, as there have been other incidents in which the defendants have condoned or participated in the use of improper and dangerous practices for vehicle stops and use of deadly force, with no disciplinary or corrective action taken.

28. Plaintiff further alleges that such acts were the proximate cause and cause in fact of the death of Undray Carter.

## VI. SECOND CAUSE OF ACTION

29. Plaintiff repeats and realleges each and every allegation of the complaint.

30. Defendants, City of Shreveport and Chief Steve Prator, established customs, polices and practices which directly and proximately caused the deprivation of the civil and constitutional rights of the plaintiff as alleged herein, and the damages and injuries as described.

31. These written and unwritten policies, customs and practices included, among others;

   a. Inadequate, unreasonable and improper policies and procedures for the handling of traffic stops.

   b. Inadequate, unreasonable and improper policies and procedures with regard to use of deadly force.

   c. Inadequate, unreasonable and improper training of offices in the use of deadly force vis-a-vis moving vehicles.

   d. Inadequate, unreasonable and improper hiring, training, supervision and discipline of police officers relative to the use of force.

32. Defendants, **City of Shreveport and Chief Steve Prator**, established a pattern and practice of condoning the excessive use of deadly force and improper and unreasonable practices involving use of deadly force against individuals in vehicles in that there have been other incidences of the use of deadly force and improper procedures in such situations which were unreasonable and which were condoned and approved by defendants.

33. At all times pertinent herein the defendants acted unreasonably, recklessly and with deliberate indifference and disregard for the constitutional and civil rights and life and safety of the petitioner, Undray Carter.

## VII. **THIRD CAUSE OF ACTION**

34.   The pendant jurisdiction of the Court is invoked for all claims under state law.

35.   Plaintiff repeats and re-alleges each and every allegation of the complaint.

36.   The defendants were acting in the course and scope of their employment with the City of Shreveport and the City of Shreveport is vicariously liable for the injuries and damages incurred herein.

37.   The defendants, Shreveport Police Department through the City of Shreveport, Officer Robert Rivet, Chief Steve Practor, Emergency Medical Services of Shreveport and Unknown EMS Drivers/Operators, John Doe and Richard Roe, are liable jointly, severally and in solido for the wrongs complained of herein by virtue of encouraging, aiding, abetting, counseling and condoning the commission of the aforedescribed acts and by the failure to establish proper policies and the failure to properly screen, train, supervise and discipline police officers, and EMS operators.

38.   The defendants, John Doe and Richard Roe, are liable jointly, severally and in solido for the wrongs complained of herein, by their failure to provide immediate service or medical aid to Undray Carter, and by their failure to adhere to proper protocol and procedure in the administration of medical services and aid, at the location, in question, where Undray Carter lay bleeding to death in his vehicle.

39.   At all times pertinent herein the defendants acted negligently in violation of the laws of the State of Louisiana in tort and in violation of Article 1, Sections 2 and 5 of the Louisiana Constitution and Louisiana Civil Code Article 2315, among others, to be shown at trial.

40.   Plaintiff further alleges that these actions were the proximate cause and cause in fact of the injuries and damages, ultimate death of Undray Carter.

## VIII. **DAMAGES**

41.     At all times pertinent, herein, Undray Carter consciously suffered, due to Officer Rivet's pointing of a firearm at him, firing and striking him, prior to his death.

42.     At all times pertinent, herein, Undray Carter was survived by his eleven (11) year old daughter, La'Quarshay Mills.

43.     As a result of the actions of the defendants as described above, damages have been incurred as follows:

a.  **Undray Carter** suffered severe physical, mental and emotional distress, physical pain and suffering, consciously, during the realization that he was about to be shot and subsequent to being shot by Rivet, prior to his death, in the amount of **SIX MILLION ($6,000,000) DOLLARS,** due to this incident.

b.  **La'Quarshay Mills** sustained loss of love, affection, and support in the amount of **ONE MILLION ($1,000,000) DOLLARS,** due to the death of her father, Undray Carter.

c.  Punitive damages are sought against defendants, in the amount of **FIFTY MILLION ($50,000,000) DOLLARS.**

d.  Miscellaneous cost for the medicals, funeral and cost of litigation is also being sought in an estimated amount of **THIRTY THOUSAND ($30,000.00) DOLLARS.**

## IX. **PRAYER FOR RELIEF**

**WHEREFORE,**plaintiffs, **Joyce C. Roberts as Administratrix on behalf of the Estate of Undray Carter, and Latasha Mills on behalf of her minor child, La'Quarshay Mills,** pray that this complaint be filed and that defendants, **Shreveport Police Department through the City of Shreveport, Officer Robert Rivet, Chief Steve Practor, Emergency Medical Services of Shreveport and Unknown EMS Drivers/Operators, John Doe and Richard Roe,** be served with a copy of same and be duly summoned to appear and answer same, and that after all legal delays and

due proceedings had, there be judgment, herein, rendered with interest thereon from date of judicial demand until paid, in favor of plaintiffs, **Joyce C. Roberts as Administratrix on behalf of the Estate of Undray Carter, and Latasha Mills on behalf of her minor child, La'Quarshay Mills**, and against all defendants, **Shreveport Police Department through the City of Shreveport, Officer Robert Rivet, Chief Steve Practor, Emergency Medical Services of Shreveport and Unknown EMS Drivers/Operators, John Doe and Richard Roe**, individually, severally, jointly, and in solido as follows:

1. Compensatory damages in the amount of $7,030,000, and punitive damages in the amount of $50,000,000, as prayed for herein;

2. Reasonable attorneys fees and all costs of these proceedings and legal interest; and

3. All other relief that this Honorable Court deems just and equitable.

Respectfully submitted,

_____
MARIE A. BOOKMAN, #1719
ATTORNEY AT LAW
1100 POYDRAS ST., STE. 2900-ENERGY CENTRE
NEW ORLEANS, LOUISIANA 70163-2900
TELEPHONE: (504) 585-7350

ATTORNEY FOR PETITIONERS